**UNITED STATES DEPARTMENT OF JUSTICE**
**OFFICE OF THE UNITED STATES TRUSTEE**
**JUDY A. ROBBINS**
**UNITED STATES TRUSTEE**
**Christine A. March**
**Attorney for the United States Trustee**
**515 Rusk, Suite 3516**
**Houston, Texas  77002**
**Telephone: (713) 718-4650 Extension 239**
**Facsimile: (713) 718-4670**
**E-Mail:  christine.a.march@usdoj.gov**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. |
| | § | |
| Texas Mining Ventures, LLC. | § | 14-35624-H4-11 |
| | § | |
| DEBTOR IN POSSESSION | § | CHAPTER 11 |

**MOTION OF THE UNITED STATES TRUSTEE**
**TO DISMISS CASE AND NOTICE OF EXPEDITED HEARING**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**NOTICE OF HEARING: There will be a hearing on this Motion on TUESDAY, JANUARY 20, 2015 at 10:30 a.m. in Courtroom #600, Federal Courthouse Sixth Floor, 515 Rusk; Houston, Texas 77002.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>LOCAL RULE 9013-1(b) NOTICE</u>:  THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN TWENTY ONE (21) DAYS OF THE DATE THIS MOTION WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

<u>LOCAL RULE 9013-1(I) NOTICE</u>: EMERGENCY RELIEF HAS BEEN REQUESTED.  IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN TWENTY ONE (21) DAYS TO ANSWER.  IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

TO THE HONORABLE JEFF BOHM
UNITED STATES BANKRUPTCY JUDGE:

      COMES NOW, Judy A. Robbins, the United States Trustee for the Southern District of Texas, by and through the undersigned counsel, who respectfully requests entry of an order dismissing this case pursuant to 11 U.S.C. § 1112(b), Fed.R.Bankr.P. 1017, and BLR 1002-1 and BLR 1017-2, and represents as follows:

### Jurisdiction

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. A matter involving a motion to convert or dismiss a chapter 11 case is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Judy A. Robbins is the duly appointed United States Trustee for the Southern District of Texas ("UST") pursuant to 28 U.S.C. § 581(a)(7).

3. Pursuant to 11 U.S.C. § 307, the UST has standing to appear and be heard on any issue in a case or proceeding under Title 11.

4. Pursuant to 28 U.S.C. § 586(a)(3), the UST is statutorily obligated to monitor the administration of cases commenced under the Bankruptcy Code, 11 U.S.C. § 101 *et seq*. Specifically, the UST is charged with a number of supervisory responsibilities in reorganization bankruptcy cases under Chapter 11 of Title 11, including monitoring the progress of such cases and taking such actions as the UST deems to be appropriate to prevent undue delay in such progress. 28 U.S.C. § 586(a)(G).

### Factual Background

5. This case was commenced by the filing of a voluntary petition under Chapter 11 on October 8, 2014.

6. The Debtor is not an individual but a corporation. No application to employ counsel has been filed and no counsel has been approved by the court to represent the Debtor.

7. The Debtor did not provide any of the Debtor in Possession compliance information requested by the UST, including information regarding banking and insurance.

### Cause to Convert or Dismiss

8. 11 U.S.C. §1017-2(a)(2) provides that lack of representation by an attorney of a corporate debtor or a partnership debtor constitutes want of prosecution. LBR 1017 also provides that such failure constitutes want of prosecution. Without counsel to represent this Debtor the case cannot proceed because the Debtor has no one who can represent its interests, speak on its behalf, comply with the requirements of the United States Bankruptcy Code or proceed with prosecution of the case.

9. The UST has been unable to schedule a meeting of creditors due to the failure of the

Debtor to file an appropriate list of creditors.

10. On October 9, 2014 the Court issued an Order Setting a Status Conference for October 30, 2014(Docket No. 3). At the hearing it was shown that the Debtor was formed on the eve of the Bankruptcy filing, was the transferee of real estate, subject to a pending forclosure that it acquired from another bankruptcy estate that had been dismissed for a bad faith filing.[1] As a result of this hearing the court entered an Order granting relief from the automatic stay to allow the pending foreclosure to proceed.

11. Upon information and belief, the foreclosure of the Debtor's real estate has been completed. Since the entry of the Order granting relief from the automatic stay has been entered there has been no further docket activity. The Debtor currently owns no real estate, no cash and is without any assets with which to reorganize and the case should be dismissed.

## Relief Requested

12. The UST is of the opinion that emergency consideration is required because this case is nothing more than a burden to the court system and should be dismissed without further delay.

WHEREFORE, the UST prays that this Court enter an order dismissing this chapter 11 case pursuant to 11 U.S.C. § 1112(b), and/or for any and all further relief as may be equitable and just.

Respectfully submitted,

JUDY A. ROBBINS
UNITED STATES TRUSTEE

By: /s/Christine A. March
Christine Ann March
Attorney for the United States Trustee
Texas Bar #129680200, SBOT#13087
515 Rusk, Suite 3516
Houston, Texas  77002
Telephone: (713) 718-4650 Extension 239
Facsimile: (713) 718-4670
E-Mail: christine.a.march@usdoj.gov

---

[1] See Order Dismissing Chapter 11 Bankruptcy Case with Prejudice entered on Docket #35 on August 1, 2014 in Bankruptcy Case Number 14-15419 and 14-15424 (Administratively Consolidated) in the United States Bankruptcy Court for the Southern District of Florida.

CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing **EMERGENCY MOTION OF THE UNITED STATES TO DISMISS CASE AND NOTICE OF EXPEDITED HEARING** was served electronically upon the parties so noticed by the Clerk of the Bankruptcy Court, and upon the Debtor as listed below, by United States Mail first class postage prepaid or ecf transmission as noted on this 30 December 2014.

    /s/ Christine A. March
Christine Ann March
Attorney for the United States Trustee

Debtor
Texas Mining Ventures LLC
5 Riverway, Suite 300
Houston, TX 77056